IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES COLE AS CHAIRMAN AND ON BEHALF OF
THE BOARD OF TRUSTEES OF THE IRON WORKERS
LOCAL UNION NO. 167 HEALTH AND WELFARE
PLAN AND TRUST; IRON WORKERS LOCAL UNION
NO. 167 PENSION PLAN AND TRUST; IRON WORKERS
LOCAL UNION NO. 167 APPRENTICESHIP AND
TRAINING TRUST FUND; and
IRON WORKERS LOCAL UNION NO. 167,

    Plaintiffs,

v.    No. _____

TRI-STATE IRON WORKS, INC., a Tennessee
Corporation and BARRY B. TODD,

    Defendants.

---

COMPLAINT TO ENFORCE ERISA OBLIGATIONS AND OTHER RELIEF

---

    Plaintiffs, for their cause of action, would respectfully show this Court:

    1.    This is an action brought pursuant to § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, and § 301 of the Labor-Management Relations Act of 1947 ("Taft-Hartley Act"), as amended, 29 U.S.C. § 185. This action arises under 29 U.S.C. § 1132(a)(3).

    2.    Jurisdiction is conferred upon this Court by 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 185(a).

    3.    Plaintiffs are James Cole as Chairman and on behalf of the Boards of Trustees of the Iron Workers Local Union No. 167 Health and Welfare Plan and Trust ("Welfare Fund"); the

Iron Workers Local 167 Pension Plan and Trust ("Pension Plan"); the Iron Workers Local Union No. 167 Apprenticeship and Training Trust Fund ("Apprenticeship Fund"); and the Iron Workers Local Union No. 167 ("Local Union");

4. The Welfare Fund, Pension Fund and Apprenticeship Fund (collectively, "Plaintiff Funds") are employee benefit plans within the meaning of 29 U.S.C. § 1002(3), and labor-management funds created pursuant to the provisions of 29 U.S.C. § 186(c) and are authorized to sue in their own names.

5. The Welfare Fund Trustees, Pension Fund Trustees and Apprenticeship Fund Trustees (collectively, "Plaintiff Trustees") have been duly appointed and qualified as trustees pursuant to the agreements and declarations of trust establishing said Funds. Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the Funds in their respective capacities as fiduciaries.

6. The Local Union, also a Plaintiff, is a labor organization and party to a collective bargaining agreement with Defendant Tri-State Iron Works, Inc., a Tennessee Corporation (hereinafter "Tri-State"). The Local Union is authorized to bring this action pursuant to 29 U.S.C. § 185.

7. The principal place of the business of the Union is 2574 Lindawood Cove, Memphis, Tennessee 38118 and the Funds are administered at 2001 Caldwell Drive, Goodlettsville, Tennessee 37072.

8. Defendant Tri-State is organized and existing under the laws of Tennessee, with its office and principal place of business at 175 West Bodley, Memphis, Tennessee 38109. Defendant Tri-State's Registered Agent is Barry B. Todd, 3714 Thistle Valley Lane, Bartlett, Tennessee 38135.

9. Defendant Barry B. Todd (hereinafter "Todd") is a resident citizen of Bartlett, Shelby County, Tennessee and the owner and officer of Defendant Tri-State.

10. Defendant Tri-State is licensed as a construction contractor in the State of Tennessee and has employed ironworkers working within the jurisdiction of the Union. Defendant Tri-State is an employer within the meaning of 29 U.S.C. § 1002(5) and 29 U.S.C. § 185.

11. On or about May 2, 2012, Defendant Tri-State executed a Short Form Agreement (hereinafter "the 2012 SFA") recognizing the Local Union as the collective bargaining representative of Defendant Tri-State's employees for all work to be performed in this district. (Exhibit A).

12. Pursuant to the 2012 SFA, Defendant Tri-State agreed to be bound by the terms of the existing collective bargaining agreement the Iron Workers Employers Association of the Tennessee Valley and Vicinity, Inc. ("Employers Association ") and the Iron Workers District Council of the Tennessee Valley and Vicinity ("District Council"), and any subsequent modification, extensions, or renewals of their Collective Bargaining Agreement (hereinafter the "CBA"). Defendant Tri-State further agreed to make contributions provided in the CBA to the Plaintiff Funds and to be bound by the terms and conditions of the governing agreements and declarations of the Plaintiff Funds.

13. Pursuant to the CBA, Defendant Tri-State agreed to make payment for certain contributions, working assessments and dues to the Plaintiffs on behalf of all employees covered by the Governing Agreements. Said contributions, assessments and dues were to be made to Plaintiffs for the benefit of employees represented by the Local Union, Fund participants and beneficiaries.

14. Defendant Tri-State has failed to pay the Plaintiffs contributions, assessments and dues required by the CBA on a timely basis in violation of 29 U.S.C. § 1145 and breaching the CBA.

15. Furthermore, Defendant Tri-State has failed to remit late payment fees and/or liquidated damages for delinquent contributions, assessments, and dues, in violation of 29 U.S.C. § 1132(g)(2) and the governing agreements.

16. Defendant Tri-State entered into a settlement agreement on March 31, 2016 to pay a total debt of $342,288.61 over a period of thirty-six (36) months at $9,507.18 per month for the period of October 2015 through February 2016. (Exhibit B). In addition to said monthly payments, Defendant Tri-State was to stay current in its contributions on an ongoing basis. While making the monthly payments on the arrearage, Defendant Tri-State has failed to keep contributions current and has therefore breached its settlement agreement. Defendant Tri-State has been notified of its default and given an opportunity to cure. However, Defendant Tri-State has failed to do so. Pursuant to said settlement agreement, a judgment may be entered by confession, in the amount of $342,258.61, less payments made as of the date of the filing of this Complaint, for a total of $171,303.40.

17. Defendant Tri-State entered into a payment agreement for delinquencies owed for the month of June 2016, plus interest and liquidated damages in the amount of $134,798.56. (Exhibit C). Defendant Tri-State was to increase its monthly payments to $12,000.00 per month and maintain current contributions. While Defendant Tri-State has made its monthly payments on the past due arrearage, Defendant Tri-State has failed once again to maintain current contributions. Defendant Tri-State has been notified of its default and given an opportunity to cure. However, Defendant Tri-State has failed to do so. Pursuant to said agreement, a judgment

may be entered by confession in the amount of $91,847.31 still owing, plus liquidated damages and attorney fees.

    18.    Defendant Tri-State is now delinquent in its contributions for the months of February 2018 through present, as specified below:

| FUNDS | H&W | PENSION | APPRENT. | DUES | PAC |
|---|---|---|---|---|---|
| Feb Contributions | $19,439.95 | $29,288.36 | $5,293.72 | $6,466.05 | $355.88 |
| Feb liquidated damages | 874.37 | 1,317.96 | | | |
| March Contributions | 19,866.02 | 30,808.33 | 5,409.74 | 6,587.12 | 363.68 |
| March liquidated damages | 595.98 | 924.24 | | | |
| April Contributions | 14,958.52 | 23,357.52 | 4,073.38 | 4,939.40 | 273.84 |
| April liquidated damages | 224.37 | 350.36 | | | |
| May Contributions | 16,026.75 | 26,177.03 | 4,238.19 | 5,166.86 | 284.92 |
| May liquidated damages | unknown at this time | | | | |
| June Contributions | unknown at this time | | | | |

    19.    Plaintiffs have no adequate remedy at law and their damages are great and irreparable and continue to accrue with Defendant Tri-State's failure to pay the sums required under the governing Agreements.

    20.    Plaintiff Trustees have brought this action in faithful performance of the fiduciary duties imposed upon them under 29 U.S.C. § 1104(a)(1). Plaintiffs have been and are continuing to incur attorneys' fees and expenses as a direct result of Defendant Tri-State's failure to make contributions, assessments and dues in accordance with the terms and conditions of the governing Agreements.

    21.    Plaintiffs seek a judgment for all unpaid contributions, assessments, dues and other sums owed at the time of judgment; interest on same, an amount equal to the greater of interest or liquidated damages as determined by 29 U.S.C. § 1132(g)(2)(C); attorneys' fees and the costs incurred as a result of this action; and such other legal and/or equitable relief as the Court deems appropriate pursuant to 29 U.S.C. § 1132(g)(2)(E).

22.     Defendant Todd has agreed to personally guarantee the obligations owed by Defendant Tri-State to Plaintiffs set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for an order:

1.     Awarding Judgment in favor of the Plaintiffs against Defendant for:

   a.     All delinquent contributions, assessments and dues owed under the Governing Agreements, in accordance with 29 U.S.C. § 1132(g)(2)(A) and 29 U.S.C. § 301;

   b.     Interest on such delinquent contributions, assessments and dues, calculated from the date due at the rate required by 29 U.S.C. § 1132(g)(2)(B);

   c.     An amount equal to the greater of (i) interest on the unpaid contributions, assessments and dues, or (ii) liquidated damages on such delinquent contributions, assessments and dues at the rate of 20% per annum, in accordance with 29 U.S.C. § 1132(g)(2)(C);

   d.     Costs of this action, in accordance with 29 U.S.C. § 1132(g)(2)(D); and

   e.     Attorneys' fees and expenses incurred by Plaintiffs in bringing this action, in accordance with 29 U.S.C. § 1132(g)(2)(D);

2.     Granting such other legal or equitable relief as this Court deems just and proper in the premises, in accordance with 29 U.S.C. § 1132(g)(2)(E).

/s/ Deborah Godwin_____
Deborah Godwin #9972
Attorney for Plaintiffs
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Telephone:    901-528-1702
Facsimile:     901-528-0246
Email:          dgodwin@gmlblaw.com